FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

2005 SEP 29 A 11: 10

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

| | | |
|---|---|---|
| John Doe<br>944 E. Weber Rd<br>Apt. B<br>Columbus, Ohio 43211 | : | Case No. **C 2 05 901** |
| | : | |
| | : | |
| Plaintiff, | : | **JUDGE SMITH** |
| | : | |
| -vs- | : | Judge: **MAGISTRATE JUDGE KEMP** |
| | : | |
| The Salvation Army in the<br>United States<br>National Headquarters | : | |
| 6154 Slaters Lane<br>P.O. Box 269 | : | **COMPLAINT AND<br>DEMAND FOR** |
| Alexandria, VA. 22313 | : | **JURY TRIAL** |
| and | : | |
| The Salvation Army<br>Eastern Territory | : | |
| 440 West Nyack Road<br>P.O. Box C-635 | : | |
| West Nyack, NY 10994 | : | |
| and | : | |
| Chuck, (Last Name Unknown)<br>Supervisor | : | |
| Salvation Army Warehouse<br>570 S. Front Street | : | |
| Columbus, Ohio 43215 | : | |
| Defendants. | : | |

Now comes the Plaintiff, by and through counsel, and for his Complaint states the following:

## NATURE OF THE ACTION

1.     This action seeks a remedy for disability-based employment discrimination under Section 504 of the Rehabilitation Act of 1973 and Ohio Revised Code Chapter 4112.

2.     Plaintiff was damaged as a result of the Defendants' discriminatory acts and seeks appropriate relief, including compensatory damages.

## THE PARTIES

3.     Plaintiff John Doe` is a resident of Columbus.  He is thirty-four years old.  He has an Ohio driver's license.

4.     Plaintiff seeks to proceed by pseudonym in this action because the prosecution of his complaint will require him to disclose medical and background information of an extremely sensitive and personal nature, such confidential information that is protected by 42 U.S.C. §10806 and Ohio Revised Code §5122.31 and Ohio Administrative Code §5122-14-13.

5.     Defendant Salvation Army in the United States is a charitable and religious organization that provides social services.  The National Commander of the Salvation Army in the United States is located at the Salvation Army National Headquarters in Alexandria, Virginia.

2

6.     The Salvation Army in the United States is divided into four "Territories" including the Eastern Territory.

7.     Each Salvation Army Territory is a corporation.

8.     Defendant Salvation Army Eastern Territory is a New York corporation, licensed in the State of Ohio. The National Commander of the Salvation Army is the Chairperson of the Board of this corporation.

9.     The Salvation Army Eastern Territory covers the State of Ohio.

10.    The Salvation Army Eastern Territory is made up of smaller units known as divisions.

11.    The Salvation Army facilities in Columbus, Ohio are part of the Southwest Ohio and Northeast Kentucky Division, Eastern Territory.

12.    Defendant Chuck (Last Name Unknown) is an employee of the Salvation Army warehouse on Front Street in Columbus, Ohio.

13.    On information and belief, Defendant Chuck, last name unknown, is a supervisor at the Salvation Army warehouse on Front Street in Columbus, Ohio.

14.    According to the Salvation Army National Report for 2005, the Salvation Army and its corporations receive "government funds" as income.

15.    On information and belief, the "government funds" that the Salvation Army and its corporations receive include federal funds.

3

16.    On information and belief, Defendants the Salvation Army in the United States and its Eastern Territory are recipients of federal funds.

17.    The Salvation Army has about 60,000 employees.

18.    On information and belief, Defendants Salvation Army in the United States and Salvation Army Eastern Territory currently employ, and at all times relevant to this case employed, four (4) or more people.

## JURISDICTION AND VENUE

19.    This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §1331.

20.    Venue is proper in this Court under 28 U.S.C. §1391(b), (c) and S.D. Ohio Civ. R. 82.1 because a substantial part of the events or omissions giving rise to Plaintiff's claims against Defendants occurred in this district.

## FACTUAL ALLEGATIONS

21.    Plaintiff John Doe is a person with mental illness.  He has been diagnosed as schizophrenic and has also had a diagnosis of paranoid delusional disorder.

22.    Plaintiff has had five psychiatric hospitalizations for his mental illness in 1995, 1996, 1999, 2002 – 2003 and 2004.

23.    Plaintiff is prescribed Risperdal for his mental illness. He also takes Cogentin to control the side effects of his psychotropic medication and Trazadone as a sleep aid.

24.    According to Mr. Doe's psychiatrist, Dr. Asim Farooqui, Plaintiff Doe has been medication-compliant and continues to be free of symptoms since his last hospitalization.

25.    Plaintiff Doe is a client of the Center for Vocational Alternatives, COVA, in Columbus. This agency provides education and/or training to enable people with physical and mental impairments to obtain gainful employment.

26.    Corey DeGraw is Plaintiff Doe's career developer at COVA. Mr. DeGraw assists Plaintiff in job training and job searching.

27.    In March 2005, at Mr. DeGraw's suggestion, Plaintiff filled out an application for a truck driver's job with the Salvation Army in Columbus.

28.    There were no truck driver openings at the time Plaintiff filled out his application.

29.    However, Defendant Chuck told Mr. DeGraw to check monthly for openings for part-time drivers because this was a fairly high turnover position.

5

30.     Defendant Chuck called Mr. DeGraw on May 12, 2005 to ask if Plaintiff could come to the Salvation Army warehouse, fill out a driver's abstract and take a driver's test.

31.     Mr. DeGraw called Defendant Chuck and scheduled Plaintiff's appointment for Monday, May 16, 2005 at 10:30 a.m.

32.     Mr. DeGraw went with Plaintiff to the appointment with Defendant Chuck at 10:30 am on May 16, 2005 at the Salvation Army Front Street warehouse in Columbus.

33.     At this meeting, Defendant Chuck spoke with Plaintiff and Mr. DeGraw about a part-time truck driver position, 3 days per week, 8 hours per day, paying $7/hr.

34.     Defendant Chuck did not provide a position description, nor did he specify which days of the week were to be worked.

35.     At this meeting, Plaintiff stated that he could not work on Fridays because he had a weekly doctor's appointment to pick up his medications.

36.     Defendant Chuck then asked Plaintiff what type of medications he took.

37.     Plaintiff replied that he took psychotropic medications.

38.     Defendant Chuck then said that Plaintiff could not drive the Salvation Army's trucks for insurance reasons.

6

39.     Plaintiff offered to get a letter from his doctor stating that the medications did not interfere with his driving.

40.     Defendant Chuck insisted that he could not use Plaintiff and ended the interview.

41.     Plaintiff was then and remains interested in the part-time truck driver's position for the Salvation Army in Columbus.

## FIRST CAUSE OF ACTION

42.     Plaintiff incorporates paragraphs 1 – 41 as if fully rewritten herein.

43.     On information and belief, Defendants Salvation Army in the United States and Salvation Army Eastern Territory are recipients of federal funds under Section 504 of the Rehabilitation Act of 1973.    29 U.S.C. § 794(b)(2)(A).

44.     Defendant Chuck (Last Name Unknown) is a person acting directly or indirectly in the interest of his employer, the Salvation Army in the United States and the Salvation Army Eastern Territory.

45.     Defendant Chuck (Last Name Unknown) was acting within the course and scope of his employment when he met with Plaintiff and Mr. DeGraw concerning the part-time Salvation Army truck driver's position on May 16, 2005.

46. Plaintiff John Doe is a handicapped person protected by Section 504 of the Rehabilitation Act and implementing regulations. He has a record of psychiatric treatment and hospitalizations for a mental impairment that substantially limited one or more of his major life activities such as caring for himself, thinking and learning. 29 U.S.C. §794(a) and, e.g., 29 U.S.C. §705(20)(B); 24 C.F.R. §8.3 (Housing and Urban Development regulations); 45 C.F.R. §84.3(j)(Health and Human Services regulations); 28 C.F.R. §42.540(k)(Department of Justice regulations).[1]

47. Section 504 prohibits the exclusion of a qualified handicapped person, solely by reason of disability, from participation in a program or activity which receives federal funds. 29 U.S.C. §794(a).

48. Under Section 504 and its implementing regulations no qualified handicapped person shall be subjected to discrimination in employment by any recipient of federal funds. 29 U.S.C. §794(a) and, e.g., 24 C.F.R. §8.4(a)(Housing and Urban Development regulations); 45 C.F.R. §84.4(a)(Health and Human Services regulations); 28 C.F.R. §42.510(a)(Department of Justice regulations).

---

[1] Plaintiff alleges that Defendants Salvation Army in the United States and Salvation Army Eastern Territory are recipients of federal funds but, without benefit of discovery, Plaintiff is not presently able to identify which federal department or departments provide those funds to Defendants. Once the federal department or departments are identified through discovery, those departments' Section 504 implementing regulations will be applicable to the Defendants.

49. Under Section 504 and its implementing regulations a recipient of federal funds may not make a preemployment inquiry of an applicant to determine whether the applicant is a person with handicaps or the nature or severity of a handicap. See e.g., 24 C.F.R. §8.13(a)(Housing and Urban Development); 45 C.F.R. §84.14(a)(Health and Human Services); 28 C.F.R. §42.513(a)(Department of Justice).

50. Plaintiff is a qualified handicapped person protected by Section 504 and implementing regulations because he can perform the essential functions of a part-time truck driver's job at the Salvation Army in Columbus with or without reasonable accommodations. See e.g., 24 C.F.R. §8.3(Housing and Urban Development); 45 C.F.R. §84.3(l)(Health and Human Services); 28 C.F.R §42.540(l)(Department of Justice).

51. According to Plaintiff's psychiatrist, his medications would not interfere with his ability to safely perform the part-time truck driver's job at the Salvation Army in Columbus.

52. Defendants the Salvation Army in the United States and Salvation Army Eastern Territory subjected Plaintiff to discrimination in employment and violated his rights under Section 504 by making a preemployment inquiry into whether he had a disability and the nature of his disability, and

9

by denying his application for the part-time truck driver's job based on his disability.

53.     As a direct and proximate result of the unlawful discrimination by Defendants Salvation Army in the United States and Salvation Army Eastern Territory, Plaintiff sustained damages in the form of lost wages, emotional pain, humiliation and mental anguish.

## SECOND CAUSE OF ACTION

54.     Plaintiff incorporates paragraphs 1 – 53 as if fully rewritten herein.

55.     On information and belief, Defendants Salvation Army in the United States and Salvation Army Eastern Territory employ four or more persons within the State of Ohio and thus are employers as defined in Ohio Rev. Code §4112.01(A)(1), (2).

56.     Defendant Chuck (Last Name Unknown) was acting within the course and scope of his employment when he met with Plaintiff and Mr. DeGraw concerning the part-time Salvation Army truck driver's position on May 16, 2005.

57.     Defendant Chuck (Last Name Unknown) was acting directly or indirectly in the interest of his employer, the Salvation Army in the United States and the Salvation Army Eastern Territory.

58. Defendant Chuck (Last Name Unknown) is an employer as defined in Ohio Rev. Code §4112.01(A)(2) and may be held jointly and/or severally liable with his employer for discriminatory conduct under Ohio Revised Code Chapter 4112.

59. Plaintiff John Doe is a person with a disability as defined in Ohio Rev. Cord §4112.01(A)(13) because he has a record of psychiatric treatment and hospitalizations for a mental impairment that substantially limited one or more of his major life activities such as caring for himself, thinking and learning.

60. Ohio Revised Code §4112.02(A) provides that it is an unlawful discriminatory practice for an employer to refuse to hire a person because of disability.

61. Plaintiff is a qualified person with a disability because he can perform the essential functions of a part-time truck driver's job at the Salvation Army in Columbus with or without reasonable accommodations.

62. According to Plaintiff's psychiatrist, his medications would not interfere with his ability to safely perform the part-time truck driver's job at the Salvation Army in Columbus.

63. Defendants the Salvation Army in the United States, Salvation Army Eastern Territory and Chuck (Last Name Unknown) subjected Plaintiff to

11

discrimination in employment by denying him a part-time truck driver's job based on his disability.

64.    As a direct and proximate result of the unlawful discrimination by Defendants Salvation Army in the United States, Salvation Army Eastern Territory and Chuck (Last Name Unknown) Plaintiff sustained damages in the form of lost wages, emotional pain, humiliation and mental anguish.

### PRAYER FOR RELIEF

Wherefore, Plaintiff John Doe respectfully prays for judgment in his favor and against Defendants, individually and collectively, for:

A.    Plaintiff's lost wages, including front pay, with pre-judgment interest.

B.    Compensatory damages, including compensation for Plaintiff's past and future emotional distress and humiliation caused by Defendants' discriminatory conduct in an amount to be proven at trial.

C.    An order requiring Defendants to institute and carry out policies and practices that (1) provide equal employment opportunities for qualified people with disabilities and (2) eradicate the effects of Defendants' past and present unlawful employment practices.

D.    Plaintiff's attorneys' fees and costs.

E.    Such other relief as is just and equitable.

12

## JURY TRIAL DEMAND

Plaintiff John Doe requests a jury trial on all questions of fact raised

by his Complaint.

Respectfully Submitted,

*Jane P. Perry* (signature)

Jane P. Perry
Ohio Reg. 0029698
Ohio Legal Rights Service
8 East Long Street, Suite 500
Columbus, Ohio 43215
(614) 466-7264
Fax: (614) 644-1888

Counsel for Plaintiff John Doe

13